## J. Ainsworth *v.* The State.

1. Charge of the Court — Burden of Proof. — In certain exceptional cases it is proper to give in charge to the jury art. 51 of the Penal Code, which provides that "when the facts have been proved which constitute the offence, it devolves upon the accused to establish the facts or circumstances on which he relies to excuse or justify the prohibited act or omission." In most cases, however, a charge of this character is inapplicable, and liable to mislead the jury.

2. Same. — In a trial for murder, the witnesses for the State made a case of wilful and unprovoked homicide, whereas as many for the accused made a case of self-defence. *Held*, that, in such a state of case, the said art. 51 should not have been given in charge to the jury in such form and connection as was calculated to mislead them into imposing upon the accused the burden of proving his innocence, or into depriving him of the benefit of any reasonable doubt which might arise upon the entire evidence.

3. Self-Defence. — Homicide in self-defence is permitted by the Code of this State when committed to prevent murder, maiming, and certain other designated felonies; and if the acts of the deceased reasonably indicated either of these purposes, it was not incumbent on the party thus assailed to make any effort to avoid his assailant by retreat or otherwise. It is only when the attack does not reasonably indicate any of such purposes that the party assailed is required, before killing his assailant, to resort to other means of prevention save retreat.

Appeal from the District Court of Houston. Tried below before the Hon. W. D. Wood.

The indictment charged the appellant with the murder of Alford Lenard, by shooting him with a pistol, December 23, 1878. The jury found the appellant guilty of murder in the second degree, and assessed his punishment at a term of nineteen years in the penitentiary.

The evidence, both for the State and the defence, concurred in proving the fact of the shooting of Lenard by the

appellant, at a neighbor's house, in the night of December 23, 1878. Lenard died two days afterwards in consequence of the wound, which was inflicted in the stomach. Besides shooting Lenard in the stomach, the appellant, as appears by the evidence for the State, fired two other shots, of which one took effect in the wrist of one English, and the other in the body of John Davis, between whom and the appellant the difficulty seems to have had its origin. The shooting took place in the yard in front of the house, and it was dark.

There were several witnesses to the shooting, of whom some were introduced by the State and others by the defence. Irreconcilable conflict exists between their accounts of the relative attitudes of the appellant and the injured parties at the time of the shooting, and also in regard to the circumstances which immediately preceded it. According to those for the State, the appellant forced a quarrel on Lenard and gave him "the d—d lie," and, on a return of the same by Lenard, instantly shot him, when Lenard was neither exhibiting a weapon nor making any hostile demonstration. According to those for the defence, Lenard unnecessarily championed Davis's previous quarrel with the appellant, and knocked the appellant down by a blow upon the mouth ; and then both he and Davis jumped on the appellant, and the latter opened his battery. After the shooting, the appellant, according to the evidence for the State, showed no sign of injury ; whereas, according to that for the defendant, his face was bruised, his thumb split, and his clothes cut.

*H. W. Moore* and *J. R. Burnett*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. This prosecution was for murder, and, upon the trial below, the evidence was of a conflicting nature and tending to establish totally different conclusions. If the

witnesses for the State testified truthfully, the homicide was unprovoked ; and if some of those for the defence were to be believed, the defendant had sufficient cause to resort to his right of self-defence. In the concluding paragraph of an able and learned charge, the court gave this instruction : —

" The burden of proof is on the State to satisfy your minds beyond a reasonable doubt of defendant's guilt of some offence, before you can convict him ; but such a case being made out, the burden of proof is then on the defendant to show to your satisfaction that the killing was justifiable or excusable, before you are authorized by law to acquit him.'

In the case of *Leonard* ( 7 Texas Ct. App. 448) this court was called upon to consider a charge, in a case of embezzlement, in which the statute was copied, as follows : —

" On the trial of a criminal action, when the facts have been proved which constitute the offence, it devolves upon the accused to establish the facts and circumstances on which he relies to excuse or justify the prohibited act or omission." Penal Code, art. 51. In construing this statute, along with another in the Code of Criminal Procedure ( art. 727 ), relating to the presumption of innocence and the doctrine of reasonable doubt, the following principles were enunciated : —

" The law starts the trial with the presumption of innocence in favor of the prisoner, which continues until a verdict of guilty ; but the State is not called upon to do more than to prove its own case. It is only required to prove the facts which constitute the offence, and rest its case. If there be no further evidence, the case goes to the jury with the evidence for the State, which must be tested by them, on their retirement, by legal rules as to its sufficiency, including the rule as to reasonable doubt. If evidence be introduced by the defendant, tending to establish facts or circumstances upon which he may rely to excuse or justify the prohibited act or omission, then the question of his

guilt is to be decided on the whole evidence, without pausing to inquire whether it was introduced by him or the State.'' 7 Texas Ct. App. 448. And in *Hall's Case* (unreported) it was said by our Supreme Court : '' The principle in all these cases is that, although the defendant must establish the facts on which he relies to excuse or justify his acts, when such excuse or justification does not arise out of the evidence against him, yet the burden of proof is not on him, in the sense it is understood to rest on a defendant in a civil suit.''

And in *Perry* v. *The State,* it was held that '' although the evidence should show an unlawful killing by means calculated to produce death, if the attendant circumstances leave it doubtful whether the killing was not manslaughter, then the rule as to the burden of proof does not apply, and the defendant cannot legally be convicted of murder. Indeed the court so instructed the jury, and it is not clear that the error in the first part of the charge was not thus sufficiently corrected. Under the evidence, however, a charge as to the burden of proof was not appropriate, and was calculated, as given, to mislead ; and although afterwards corrected by a proper charge, it may still have misled the jury.'' 44 Texas, 478.

And in *Guffee* v. *The State,* recently decided at Galveston (*ante,* p. 187), it was said, with reference to a charge not entirely similar to the one under consideration, that '' it is never incumbent upon a defendant, on trial in a criminal prosecution, to show any facts in mitigation, unless such mitigation fails to appear in the evidence against him, and the facts established by the State show beyond a reasonable doubt a *primâ facie* case of guilt.''

While in some exceptional cases, dependent upon a peculiar state of facts, the statute relating to the burden of proof may with propriety be given to the jury, yet in a vast majority of cases such a charge, although the law, ought not to be given to a jury, and, if given, will constitute serious

error. In the particular case under consideration, the evidence being of a conflicting nature and almost equipoised, it was particularly important to the rights of the defendant that the jury should not be misled by the context of the charge into supposing that any special duty was devolved upon the defendant to establish anything to their satisfaction by his particular evidence, or that the prosecution was relieved of the burden it had assumed to prove his guilt beyond a reasonable doubt, upon the whole case as made. The jury were authorized to assume from this instruction, that, although facts in justification or excuse might appear in the evidence for the State, yet, if their effect was overcome by the inculpatory facts, they were to be disregarded, and their attention must be addressed exclusively to the defendant's testimony in their search for excuse or justification. The defendant was entitled to have the jury consider the whole evidence together, after their retirement; and if, upon a view of the whole case, a reasonable doubt should obtain by virtue of the testimony either for the State or the defendant, as to his guilt of any grade of culpable homicide, he was entitled to an acquittal, no matter whether he had succeeded in showing to the satisfaction of the jury that the killing was justifiable or excusable, or not. The charge was improper in the case as made, and should have been omitted; or if given at all, should have been modified substantially as requested and refused.

The otherwise excellent charge of the court is inaccurate in another respect, and, we think, to the prejudice of appellant. After stating the law of self-defence as applicable to an issue raised by the evidence, and relating to the right of the defendant to act promptly in case the deceased and the other party shot were at the time making an attack upon the defendant with intent to murder him, or that the acts and conduct of said parties were calculated to induce the belief, and did induce such belief, in the mind of the defendant that such was their intent, the court further instructed

the jury that if said parties, at the time of the killing, were making a violent and unlawful attack upon the defendant, of such a character as to reasonably induce in the mind of the defendant a fear or expectation of serious bodily injury, or that their acts and conduct were of such a nature as to produce, and did produce, that apprehension in the mind of the defendant, then he had a right to slay in self-defence, provided he used all the means in his power to avoid the threatened injury, except he was not bound to retreat. We state briefly the substance of the two paragraphs.

The inaccuracy of these instructions consists in restricting the right of self-defence in the first instance to a condition dependent solely upon an intention upon the part of the deceased and the other person to murder appellant, or acts upon their part reasonably indicating that intention, when the same rule would apply had it been their intention to maim the appellant, or had their acts reasonably indicated only that purpose. Pasc. Dig., art. 2226. And having omitted this material qualification as indicated, the jury were instructed that if the intention of the assailants was not to murder, but to do some serious bodily injury to the defendant, or their acts reasonably indicated such purpose, then the defendant was required to use all the means in his power to avoid the threatened injury, except retreat, before he could justify in self-defence. This is not an accurate statement of the law of this State.

Homicide in self-defence is permitted by the Code, when it takes place to prevent murder or maiming; and when either of these purposes is reasonably indicated by the acts of the assailant, the assailed need make no effort at avoidance. All other means must be resorted to for the prevention of the injury, only in cases where the assailant is making some other unlawful and violent attack than one which manifests an intention to murder or maim; for the reason, as has been said, in such an attack it is presumed that there may be time and opportunity to resort to other means.

Pasc. Dig., arts. 2226–2230; *Horbach* v. *The State*, 43 Texas, 258; *Blake* v. *The State*, 3 Texas Ct. App. 588. It is hardly necessary to say that the charges as given improperly limited and qualified the appellant's right of self-defence in a manner not sanctioned by law, by impressing the jury with the idea that although the intention of the parties opposing him was to do him serious bodily injury by cutting him with a knife, or mayhap maiming him, yet still he could not exercise his right of self-defence until he had used all the means in his power to avoid the threatened danger, except to turn from them and flee. Under such a state of facts, no such burden is imposed upon this right, and a person assailed under such circumstances may act promptly with all the force necessary to secure his personal safety.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*